### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARRISON SUAREZ<br><br>*Plaintiff,*<br><br>v.<br><br>COMPASS COFFEE LLC, MICHAEL HAFT, and ROBERT HAFT<br><br>*Defendants.* | Civil Action No. 1:25-cv-89-SLS |

### DEFENDANTS COMPASS COFFEE LLC, MICHAEL HAFT, AND ROBERT HAFT'S MOTION TO DISMISS COUNTS I, II, IV AND V OF PLAINTIFF'S COMPLAINT AGAINST ALL DEFENDANTS AND DISMISS COUNT III AGAINST ROBERT HAFT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Compass Coffee LLC, Michael Haft, and Robert Haft respectfully move this Court for entry of an order dismissing with prejudice Counts I, II, IV, and V of Plaintiff's Complaint, (ECF No. 1), in the above-captioned matter in their entirety, and Count III of the Complaint as to Robert Haft. In support of this Motion, Defendants submit the accompanying memorandum of points of authorities, declaration, exhibits, and proposed order.

For the reasons set forth below and more fully in the accompanying memorandum of points of authorities, Plaintiff's Complaint suffers from the following deficiencies, and accordingly, must be dismissed with prejudice:

1.  Count I of the Complaint merely alleges a business dispute between former business partners, not a story of mafiosos managing a criminal enterprise, which is what Congress enacted the Racketeer Influenced and Corrupt Organizations ("RICO") Act to combat. Knowing this weakness, Plaintiffs engrafts onto his RICO claim an unrelated "Covid Relief Scheme" that

Plaintiff cannot even pursue because he lacks standing. Even if Plaintiff in Count I alleges a RICO claim, it is time-barred based on Plaintiff's allegations and the documents he cites in his Complaint.

2. Absent Count I, which contains Plaintiff's only federal claim, the Court is without jurisdiction over this matter and should decline to extend supplemental jurisdiction over the remainder of Plaintiff's state-law claims.

3. If, however, the Court were to consider those claims, it should dismiss Counts II, IV, and V in their entirety and dismiss Count III as to Robert Haft.

4. Count II of the Complaint fails to state a claim for fraud under the heightened pleading standard of Federal Rule of Civil Procedure 9(b) because Plaintiff fails to identify any material misrepresentation regarding what he was allegedly promised in connection with the transfer of Compass Coffee's brand. Even if Count II alleges a claim for fraud, based on Plaintiff's allegations and the documents that he cites in his Complaint, Plaintiff allegedly discovered the fraud on or about August 20, 2020, making his claim time-barred under the three-year statute of limitations.

5. Count III of the Complaint fails to state a claim for breach of contract against Robert Haft because he was not a party to the underlying contract, Compass Coffee's Fifth Amended Operating Agreement, and it therefore imposes no contractual duties on him.

6. Count IV of the Complaint fails to state a claim for breach of the implied duty of good faith and fair dealing because that claim impermissibly duplicates Plaintiff's breach of contract claim in Count III. The subject of Plaintiff's fair market valuation of Plaintiff's Units in Compass is *expressly* covered by the Operating Agreement. Therefore, there is no occasion to consider whether an *implied* duty has been breached.

7. Count V of the Complaint fails to state a claim for breach of fiduciary duties because Delaware law governs, not the District of Columbia law that Plaintiff cites. Moreover, the Count duplicates the substance of Counts I-IV and therefore should be dismissed for all reasons discussed in connection with those Counts.

WHEREFORE, Defendants Compass Coffee LLC, Michael Haft, and Robert Haft respectfully request that the Court grant this Motion to Dismiss Plaintiff's Complaint with prejudice and grant any further relief the Court deems necessary or appropriate. In the Alternative, Defendants respectfully request that the Court dismiss Counts I, II, IV, and IV of Plaintiff's Complaint, as well as Count III as to Robert Haft, with prejudice and grant any further relief the Court deems necessary or appropriate.

## REQUEST FOR ORAL HEARING

Defendants Compass Coffee LLC, Michael Haft, and Robert Haft respectfully request an oral hearing on this Motion pursuant to LCvR 7(f).

Dated: March 18, 2025                Respectfully submitted,

                                                         */s/ David L. Feinberg*
Michael C. Davis (D.C. Bar No. 485311)
David L. Feinberg (D.C. Bar No. 982635)
Theodore B. Randles (D.C. Bar No. 156339)
VENABLE LLP
600 Massachusetts Avenue, N.W.
Washington, DC 20001
Tel: (202) 344-4000
Fax: (202) 344-8300
mcdavis@venable.com
dlfeinberg@venable.com
tbrandles@venable.com

*Counsel for Defendants Compass Coffee LLC,
Michael Haft, and Robert Haft*