IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARRISON SUAREZ<br><br>*Plaintiff,*<br><br>v.<br><br>COMPASS COFFEE LLC, MICHAEL HAFT, and ROBERT HAFT<br><br>*Defendants.* | Civil Action No. 1:25-cv-89-SLS |

**DEFENDANTS COMPASS COFFEE LLC, MICHAEL HAFT,
AND ROBERT HAFT'S MOTION TO STAY DISCOVERY AND
MEMORANDUM OF POINTS AND AUTHORITIES  IN SUPPORT THEREOF**

Defendants Compass Coffee LLC, Michael Haft, and Robert Haft, by and through undersigned counsel, respectfully move this Court to issue a protective order temporarily staying discovery pursuant to Federal Rule of Civil Procedure 26(c) pending resolution of Defendants' Motion to Dismiss Counts I, II, IV and V of Plaintiff's Complaint against All Defendants and Dismiss Count III against Robert Haft and Defendants' Motion for Partial Summary Judgment on Count III of Plaintiff's Complaint.  In accordance with Local Rule 7(m), counsel for the parties conferred in good faith regarding the relief requested by this Motion.  Plaintiff opposes the requested relief.

Good cause exists here for the Court to exercise its discretion in temporarily staying discovery pending resolution of Defendants' motion to dismiss and motion for partial summary judgment.  First, the motions together, if granted, will dispose of all of Plaintiff's claims and eliminate the need for discovery.  Second, Plaintiff does not need discovery to oppose the motions because the motion to dismiss is based on the legal deficiencies of his Complaint and the record is adequate to determine whether the standard for grant of summary judgment is met.  Third and last,

Plaintiff will not be prejudiced by a temporary stay because the case is still at an early stage of proceedings. The Court should grant this Motion and stay discovery.

## BACKGROUND

Plaintiff and Defendant Michael Haft co-founded Compass Coffee LLC before Plaintiff left Compass Coffee LLC in 2021. On January 13, 2025, Plaintiff filed a Complaint against Defendants in this Court alleging Racketeer Influenced and Corrupt Organizations ("RICO") Act violations, fraud, breach of contract, breach of the duty of good faith and fair dealing, and breach of fiduciary duty of loyalty and care. Compl., ECF No. 1. On March 18, 2025, Defendants filed a motion to dismiss Counts I, II, IV and V of Plaintiff's Complaint against all Defendants and dismiss Count III against Robert Haft. Mot. to Dismiss, ECF No. 11. Among other grounds, Defendants argued that Plaintiff fails to state a claim for RICO violations, breach of contract, breach of the duty of good faith and fair dealing, and breach of fiduciary duty of loyalty and care under Rule 12(b)(6) and that Plaintiff fails to plead with particularity fraud under Rule 9(b). Mem. Supp. Mot. to Dismiss at 10–39, ECF No. 11-1. Additionally, Defendants argue that Plaintiff's years-old RICO and fraud claims are time-barred under the respective four-year and three-year statute of limitations. *Id.* at 17–21, 27–29. Also on March 18, 2025, Defendants filed a motion for partial summary judgment on Count III, arguing that they fully satisfied their obligations under the Fifth Amended Operating Agreement to bring about the repurchase of Plaintiff's Units. Defs.' Mot. Partial Summ. J, ECF No. 12; Defs.' Mem. Supp. Mot. Partial Summ. J. at 5–9, ECF No. 12-1. Therefore, if the Court grants the pending motions, it will dispose of the litigation in its entirety. And, if the Court dismisses the RICO claim, there will no longer be any federal jurisdiction such that remand would be appropriate.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26(c)(1) permits the Court, "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The decision whether to stay discovery pursuant to this rule "is committed to the sound discretion of the district court judge." *White v. Fraternal Ord. of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990).

To determine whether good cause exists to stay discovery, courts in this District "'inevitably must balance the harm produced by a delay in discovery against the possibility that a dispositive motion will be granted and entirely eliminate the need for such discovery.'" *Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 3 (D.D.C. 2001) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). Courts find that this balance warrants a stay when (1) "a motion which would be entirely dispositive if granted is pending," (2) "discovery is not needed to permit the party who seeks discovery to oppose the pending dispositive motion," and (3) the party seeking discovery "would not be prejudiced by a stay." *Id.* at 5.

**ARGUMENT**

**I.     Defendants' pending motions together, if granted, are dispositive.**

"Discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending," like the motions pending here, for such a stay affords "an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Chavous*, 201 F.R.D. at 2 (internal citation omitted). Accordingly, courts in this District have stayed discovery pending resolution of a Rule 12(b)(6) motion to dismiss and a motion for partial summary judgment. *See Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 57–58 (D.D.C. 2015) (staying discovery pending resolution of dispositive 12(b)(6) motion to dismiss and motion for partial summary judgment); *Chavous*,

3

201 F.R.D. at 2 (same); *Small Bus. in Transp. Coal. v. U.S. Dep't of Transp.*, No. 20-883 (CKK), 2021 WL 7287302, at *1–2 (D.D.C. Mar. 21, 2021) (denying motion for discovery when a 12(b)(6) motion to dismiss was pending because the motion was dispositive); *Hourani v. Mirtchev*, No. 10-1618 (TFH), 2011 WL 13247491, at *1 (D.D.C. July 13, 2011) (staying discovery pending resolution of defendants' 12(b)(6) motions).

The court's decision in *Hourani* is instructive because it granted a motion to stay discovery pending resolution of 12(b)(6) motions to dismiss like the motion to dismiss here. 2011 WL 13247491, at *1. There, the defendants moved to dismiss the complaint under Rule 12(b)(6), arguing that the plaintiffs' claims were time-barred and that the plaintiffs failed to state a RICO claim. *Id.*; Mot. to Dismiss at 14, 21–4, *Hourani v. Mirtchev*, No. 10-1618 (TFH), 2011 WL 13247491 (D.D.C. Nov. 22, 2010) (ECF No. 12); Mot. to Dismiss at 7–10, 18–24, *Hourani v. Mirtchev*, No. 10-1618 (TFH), 2011 WL 13247491 (D.D.C. Nov. 22, 2010) (ECF No. 15). The court stayed discovery because the arguments in the motion to dismiss raised at least colorable challenges to the plaintiffs' complaint, discovery would have been voluminous as the complaint listed nine claims for relief, ranging from RICO violations to false light invasion of privacy, and there was no prejudice to plaintiffs by issuing a stay. *Hourani*, 2011 WL 13247491, at *1.

Here, Defendants filed a motion to dismiss pursuant to Rules 12(b)(6) and 9(b) and a motion for partial summary judgment that together, if granted, would be dispositive of Plaintiff's entire Complaint. Just as in *Hourani*, Defendants here raised in their motion to dismiss that Plaintiff fails to state a RICO claim and that the RICO and fraud claims are time-barred. Mem. Supp. Mot. to Dismiss at 17–21, 27–29. Because this Court's subject matter jurisdiction arises solely and exclusively from the RICO claim, dismissal of that claim would deprive the Court of jurisdiction, and the case would have to be refiled in state court. Even if the Court reaches the

4

state law claims, Defendants argue that Plaintiff fails to state a claim for breach of the duty of good faith and fair dealing and breach of fiduciary duty of loyalty and care under Rule 12(b)(6) and that Plaintiff fails to plead with particularity fraud under Rule 9(b). *Id.* at 10–39. Defendants also argue that Plaintiff fails to state a claim for breach of contract against Robert Haft. *Id.* at 29–30. As to the remaining breach of contract claim against Defendants Compass Coffee LLC and Michael Haft, Defendants argue in their motion for partial summary judgment that they fully satisfied their obligations under the Fifth Amended Operating Agreement to bring about the repurchase of Plaintiff's Units. Defs.' Mem. Supp. Mot. Partial Summ. J. at 5–9. Thus, the grant of these two motions would dispose of Plaintiff's entire Complaint. Additionally, like in *Hourani*, discovery would be voluminous here because the Complaint lists five claims ranging from RICO violations to fraud. Therefore, this Court should stay discovery pending resolution of the dispositive motions.

**II.     No discovery is necessary to oppose the pending motions.**

A stay is also appropriate because Plaintiff does not need discovery to oppose the motion to dismiss or motion for partial summary judgment. *White*, 909 F.2d at 517 (holding that "the district court did not err by staying discovery prior to issuing the summary judgment rulings" where "the record [was] adequate to determine whether the standards for the grant of summary judgment [were] met"); *Chavous*, 201 F.R.D. at 5 (staying discovery pending resolution of plaintiffs' summary judgment motion and defendant's motion to dismiss because discovery was not needed to oppose the pending dispositive motions); *Sibley v. U.S. Sup. Ct.*, 786 F. Supp. 2d 338, 347 (D.D.C. 2011) (denying discovery because the plaintiff did not need discovery to resolve the jurisdictional issue in the pending motion to dismiss).

Here, the Defendants' motion to dismiss is based solely on the legal deficiencies in Plaintiff's Complaint and, therefore, any factual evidence that Plaintiff might be able to acquire

through discovery would be irrelevant to the resolution of the motion to dismiss. *See, e.g.*, *Small Bus. in Transp. Coal.*, 2021 WL 7287302, at *1 (holding that plaintiff did not need discovery to resolve pending 12(b)(6) motion to dismiss because "to the extent Defendants challenge the sufficiency of Plaintiff's Complaint under Rule 12(b)(6), the Court may consider only the allegations contained in the Complaint"). As to the motion for partial summary judgment, Plaintiff does not need discovery to oppose it because "the record is adequate to determine whether the standards for the grant of summary judgment are met." *White*, 909 F.2d at 517. Defendants attached as exhibits to their statement of undisputed material facts e-mails and a valuation report that directly set-forth what occurred regarding the repurchase of Plaintiff's Units and, therefore, the record is adequate to grant summary judgment in their favor as to the breach of contract claim.

A stay of discovery is especially warranted when a plaintiff alleges fraud but fails to satisfy the particularity required by Federal Rule of Civil Procedure 9(b). *See Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1279 n.3 (D.C. Cir. 1994) (stating that Rule 9(b) "attempts in part to prevent[] the filing of a complaint as a pretext for the discovery of unknown wrongs") (internal citation omitted). Courts within this District have prevented discovery into allegations of fraud where those allegations fall short of the particularity required by Rule 9(b). *See, e.g.*, *United States ex rel. Fisher v. Network Software Assocs.*, 227 F.R.D. 4, 10–11 (D.D.C. 2005) (denying discovery regarding defendant's "small business" status because relator failed to state with particularity the circumstances constituting fraud or mistake); *Peskoff v. Faber*, 230 F.R.D. 25, 30 (D.D.C. 2005) (granting defendant a protective order regarding his personal accounts because plaintiff failed to plead with particularity that the defendant's personal accounts were involved with the transactions at issue).

Here, as the Defendants have shown in their motion to dismiss, Plaintiff brings a cause of action for fraud but fails to plead it with particularity. Mem. Supp. Mot. to Dismiss at 25–27. Plaintiff's deficient allegations should not open the floodgates of discovery, and the Court should grant this motion to stay.

### III.  A temporary stay of discovery will not prejudice Plaintiff.

A stay is also appropriate if the case is at an early stage and a stay of discovery will not prejudice the parties. *See Maljack Prods., Inc. v. Motion Picture Ass'n of Am.*, No. 90-1121, 1990 WL 157900, at *1 (D.D.C. Oct. 3, 1990) (staying discovery pending resolution of motion to dismiss because the case was at an early stage as the court had not yet set a discovery deadline and the stay would only be for a "limited period of time, i.e. until the pending motion to dismiss is decided"). Here, Plaintiff will not suffer any prejudice as responsive pleadings have only just been filed, this Court has not yet set a scheduling order, and the stay is limited in duration. Instead, a stay of discovery pending resolution of the motions would prevent "wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Chavous*, 201 F.R.D. at 2 (internal citation omitted).

### CONCLUSION

For the foregoing reasons, Defendants request that the Court grant their Motion to Stay Discovery pending resolution of their motion to dismiss and motion for partial summary judgment.

Dated: March 18, 2025                Respectfully submitted,

                                                       */s/ David L. Feinberg*
                                      Michael C. Davis (D.C. Bar No. 485311)
                                      David L. Feinberg (D.C. Bar No. 982635)
                                      Theodore B. Randles (D.C. Bar No. 156339)
                                      VENABLE LLP
                                      600 Massachusetts Avenue, N.W.
                                      Washington, DC 20001
                                      Tel: (202) 344-4000

Fax: (202) 344-8300
mcdavis@venable.com
dlfeinberg@venable.com
tbrandles@venable.com

*Counsel for Defendants Compass Coffee LLC, Michael Haft, and Robert Haft*