**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HARRISON SUAREZ<br><br>*Plaintiff,*<br><br>v.<br><br>COMPASS COFFEE LLC, MICHAEL HAFT, and ROBERT HAFT<br><br>*Defendants.* | Civil Action No. 1:25-cv-89-SLS |

**DEFENDANT ROBERT HAFT'S ANSWER AND**
**DEFENSES TO PLAINTIFF HARRISON SUAREZ'S COMPLAINT**

Defendant Robert Haft hereby answers in response to the numbered averments of Plaintiff Harrison Suarez's ("Mr. Suarez") Complaint and denies all allegations unless expressly admitted below.

1.     Denied.

2.     Robert Haft denies that the allegations in Paragraph 2 involve him and states that they relate only to Michael Haft and Compass Coffee. Therefore, no response is required. To the extent a response is required, Robert Haft admits that Mr. Suarez and Michael Haft met as college students at Washington University in St. Louis and served together in the United States Marine Corps but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 2 and on that basis denies them.

3.     Robert Haft admits that Michael Haft and Mr. Suarez launched Compass Coffee in 2013 and opened their flagship roastery in the Shaw neighborhood of Washington, D.C. in 2013. The remainder of Paragraph 3 is denied.

4.     Robert Haft denies that he viewed Mr. Suarez as family or as a son but admits that

he thanked Mr. Suarez for his service in the military. Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 4 and on that basis denies them.

5.    Denied.

6.    Robert Haft denies that he made misrepresentations to Mr. Suarez, including regarding Mr. Suarez's ownership of Compass Coffee. Robert Haft denies that the allegations in the last sentence of Paragraph 6 involve him and states that they relate only to Michael Haft and Compass Coffee. Therefore, no response is required. To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the last sentence of Paragraph 6 and on that basis denies them. The remaining allegations in Paragraph 6 are denied.

7.    Robert Haft admits that Compass Coffee obtained Covid relief funds designed to help businesses during the economic downturn that Covid caused. Robert Haft lacks knowledge or information sufficient to form a belief about the total amount of Covid relief funds that Compass Coffee obtained and denies that he obtained any of those monies. The remaining allegations of Paragraph 7 are denied.

8.    Robert Haft admits that Mr. Suarez indicated his intent to seek a buyout and participated in a fair market valuation process, but he refused to consummate the buyout following the valuation. The remainder of Paragraph 8 is denied.

9.    Robert Haft admits that Mr. Suarez indicated his intent to seek a buyout on November 15, 2021 but he refused to consummate that transaction. The remainder of Paragraph 9 is denied.

10.    Denied.

11.    Robert Haft admits that the independent fair market valuation valued Mr. Suarez's

Units at less than $200,000.  The remainder of Paragraph 11 is denied.

12.     Robert Haft states that Mr. Suarez's claim for breach of contract was dismissed against him by the Court's order dated November 3, 2025 and therefore no response to the allegations pleaded against him is required.  Robert Haft denies that the remaining allegations in Paragraph 12 involve him and states that they relate only to Michael Haft and Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 12 and on that basis denies them.

13.     Robert Haft denies that the allegations in Paragraph 13 involve him and states that they relate only to Michael Haft and Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 and on that basis denies them.

14.     Denied.

15.     To the extent the allegations in Paragraph 15 purport to summarize terms of the Fifth Operating Agreement, Robert Haft states that the terms set forth therein contain the full and accurate terms of the Fifth Operating Agreement which speak for themselves.  Robert Haft denies any characterization or description that is inconsistent therewith.  The remainder of Paragraph 15 is denied.

16.     Denied.

17.     Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 and on that basis denies them.

18.     Admitted.

19.     Admitted.

20.    Admitted.

21.    Robert Haft admits that Michael Haft and Mr. Suarez were the co-founders of Compass Coffee.  The remainder of Paragraph 21 is denied.

22.    The allegations of Paragraph 22 state a legal conclusion to which no response is required.  To the extent a response is required, Robert Haft admits Mr. Suarez purports to bring this action under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 28 U.S.C. § 1331, but denies that the statute applies to business disputes like this case and denies that Mr. Suarez has stated a valid claim under the statute.

23.    The allegations of Paragraph 23 state a legal conclusion to which no response is required.  To the extent a response is required, Robert Haft denies that the Court should exercise supplemental jurisdiction over Mr. Suarez's state-law claims.

24.    The allegations of Paragraph 24 state a legal conclusion to which no response is required.  To the extent a response is required, Robert Haft states that it does not currently contest venue in this Court.

25.    Admitted.

26.    Robert Haft denies that the allegations in Paragraph 26 involve him and states that they relate only to Michael Haft and Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 and on that basis denies them.

27.    Robert Haft denies that the allegations in Paragraph 27 involve him and states that they relate only to Michael Haft and Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27 and on that basis denies them.

4

28.     Robert Haft admits that an entity where he is a manager loaned money to Michael Haft and Mr. Suarez to buy a house together in North Carolina.  Robert Haft admits that Michael Haft invited Mr. Suarez to live with his family and that Mr. Suarez accepted.  Robert Haft denies that the remaining allegations in Paragraph 28 involve him and states that they relate only to Michael Haft and Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 28 and on that basis denies them.

29.     Robert Haft denies that the allegations in Paragraph 29 involve him and states that they relate only to Michael Haft and Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft admits that Mr. Suarez and Michael Haft co-authored *Perfect Coffee at Home* but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 29 and on that basis denies them.

30.     Robert Haft admits that Michael Haft and Mr. Suarez formed Compass Coffee as a Delaware limited liability company in November 2013.  Robert Haft denies that the remaining allegations in Paragraph 30 involve him and states that they relate only to Michael Haft and Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30 and on that basis denies them.

31.     Robert Haft denies that he had business holdings in Crown Books, Vitamins.com, Trak Auto, Shoppers Food Warehouse, Combined Properties, and Dart Group Corporation at the time of the development of Compass Coffee and denies that he was accordingly in a position to support the development of Compass Coffee.  Robert Haft admits that an entity where he served as manager supported the initial development of Compass Coffee through funding but denies that he

was engaged in management.  Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 31 and on that basis denies them.

32.    Robert Haft admits that he was available to give Mr. Suarez and Michael Haft business advice.  The remainder of Paragraph 32 is denied.

33.    Robert Haft denies that the allegations in Paragraph 33 involve him and states that they relate only to Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 33 and on that basis denies them.

34.    Admitted.

35.    Robert Haft denies that the allegations in Paragraph 35 involve him and states that they relate only to Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 35 and on that basis denies them.

36.    Robert Haft denies that the allegations in Paragraph 36 involve him and states that they relate only to Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 36 and on that basis denies them.

37.    Robert Haft admits that Compass Coffee has multiple locations.  Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 37 and on that basis denies them.

38.    Robert Haft denies that the allegations in Paragraph 38 involve him and states that they relate only to Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of

the allegations contained in Paragraph 38 and on that basis denies them.

39.    Robert Haft denies that the allegations in Paragraph 39 involve him and states that they relate only to Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 39 and on that basis denies them.

40.    Robert Haft admits that Compass Coffee's first Operating Agreement shows that Mr. Suarez and Michael Haft each made cash contributions of $100,000 and personally held percentage interests of 25% each but lacks knowledge or information sufficient to form a belief about if the $100,000 cash contributions actually occurred.  Other interests were also shown in the Operating Agreement.  Robert Haft lacks knowledge or information sufficient to form a belief about what Mr. Suarez believed regarding the quantum of ownership of Compass Coffee but denies that this belief as alleged was reasonable.  Robert Haft admits that Mr. Suarez and Michael Haft were member-managers of Compass Coffee.  The last sentence of Paragraph 40 is a legal conclusion to which no response is required.  Robert Haft lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 40 and on that basis denies them.

41.    Robert Haft admits that the remaining 50% of Compass Coffee LLC was owned by Colby Bartlett LLC and that Robert Haft is the Managing Partner of Colby Bartlett LLC and signed Compass's first operating agreement on behalf of the entity.  The remainder of Paragraph 41 is denied.

42.    Denied.

43.    Robert Haft admits that he renamed MHaft LLC to Octa LLC and that Colby Bartlett LLC transferred its interest in Compass Coffee to Octa LLC and Hexad LLC.  Robert Haft admits that he sent an email to Michael Haft and Mr. Suarez on May 7, 2015.  To the extent the allegations

in Paragraph 43 purport to summarize that email, Robert Haft states that the email speaks for itself. Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 43 and on that basis denies them.

44.    Denied.

45.    Robert Haft denies that he made misrepresentations to Mr. Suarez.  Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 45 and on that basis denies them.

46.    Denied.

47.    Denied.

48.    Robert Haft admits that he was the signatory for Colby Bartlett LLC in the first operating agreement and for Colby Bartlett LLC and Octa LLC in the second and third operating agreements.  The remainder of Paragraph 48 is denied.

49.    Robert Haft denies that he made misrepresentations to Mr. Suarez.  Robert Haft admits that the first Compass Coffee operating agreement contains states the percentage ownership of Michael Haft, Mr. Suarez, and Colby Bartlett, LLC.  To the extent the allegations in Paragraph 49 purport to summarize the first Compass Coffee operating agreement, Robert Haft states that the operating agreement speaks for itself.  The remainder of Paragraph 49 is denied.

50.    Robert Haft admits that he conferred with Michael Haft and Mr. Suarez regarding the Compass Coffee operating agreements from November 2013 to March 2014, and in January 2016.  Robert Haft denies that he joined a conference call with Michael Haft, Mr. Suarez, and two attorneys on January 13, 2014.  Robert Haft admits that he emailed Michael Haft and Mr. Suarez the draft First Amended Operating Agreement on January 14, 2016.  Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in

Paragraph 50 and on that basis denies them.

51.    Robert Haft denies that the allegations in Paragraph 51 involve him and states that they relate only to Michael Haft.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 51 and on that basis denies them.

52.    Robert Haft denies that he made repeated misrepresentations.  Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 52 and on that basis denies them.

53.    Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 53 and on that basis denies them.

54.    Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 54 and on that basis denies them.

55.    Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 55 and on that basis denies them.

56.    Robert Haft admits that the Compass Coffee operating agreement was amended in 2016.  To the extent the allegations in Paragraph 56 purport to summarize terms of the First Amended Operating Agreement, Robert Haft states that the First Amended Operating Agreement speaks for itself.  Robert Haft denies any characterization or description that is inconsistent therewith.  The remainder of Paragraph 56 is denied.

57.    Robert Haft admits that the Compass Coffee operating agreement was amended in 2016.  To the extent the allegations in Paragraph 57 purport to summarize terms of the First Amended Operating Agreement, Robert Haft states that the First Amended Operating Agreement speaks for itself.  Robert Haft denies any characterization or description that is inconsistent therewith.  The

remainder of Paragraph 57 is denied.

58.     Robert Haft denies that he made misrepresentations to Mr. Suarez, including about the operating agreement.  Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 58 and on that basis denies them.

59.     Robert Haft denies that he made misrepresentations to Mr. Suarez, including about Mr. Suarez's ownership share.  Robert Haft denies that the remaining allegations in Paragraph 59 involve him and states that they relate only to Michael Haft and Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 59 and on that basis denies them.

60.     Robert Haft denies that the allegations in Paragraph 60 involve him and states that they relate only to Michael Haft and Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 60 and on that basis denies them.

61.     Robert Haft denies that he and Michael Haft lied to or manipulated Mr. Suarez and denies that they intended for Mr. Suarez to relinquish his ownership and authority in Compass Coffee.  Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 61 and on that basis denies them.

62.     To the extent the allegations in Paragraph 62 purport to summarize terms of the First Amended Operating Agreement, Robert Haft states that the First Amended Operating Agreement speaks for itself.  Robert Haft denies any characterization or description that is inconsistent therewith. The remainder of Paragraph 62 is denied.

63.     Robert Haft denies that the allegations in Paragraph 63 involve him and states that

they relate only to Michael Haft and Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 63 and on that basis denies them.

64.    Robert Haft denies that the allegations in Paragraph 64 involve him and states that they relate only to Michael Haft and Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 64 and on that basis denies them.

65.    Robert Haft denies that that he was engaged in management of Compass Coffee. Robert Haft denies that the remaining allegations in Paragraph 65 involve him and states that they relate only to Michael Haft and Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 65 and on that basis denies them.

66.    Robert Haft denies that the allegations in Paragraph 66 involve him and states that they relate only to Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 66 and on that basis denies them.

67.    Robert Haft denies that the allegations in Paragraph 67 involve him and states that they relate only to Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 67 and on that basis denies them.

68.    Robert Haft denies that the allegations in Paragraph 68 involve him and states that they relate only to Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of

the allegations contained in Paragraph 68 and on that basis denies them.

69.     Robert Haft denies that the allegations in Paragraph 69 involve him and states that they relate only to Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 69 and on that basis denies them.

70.     Robert Haft denies that the allegations in Paragraph 70 involve him and states that they relate only to Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 70 and on that basis denies them.

71.     Robert Haft denies that the allegations in Paragraph 71 involve him and states that they relate only to Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 71 and on that basis denies them.

72.     Robert Haft denies that the allegations in Paragraph 72 involve him and states that they relate only to Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 72 and on that basis denies them.

73.     Robert Haft denies that the allegations in Paragraph 73 involve him and states that they relate only to Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 73 and on that basis denies them.

74.     Robert Haft denies that the allegations in Paragraph 74 involve him and states that they relate only to Compass Coffee.  Therefore, no response is required.  To the extent a response is

required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 74 and on that basis denies them.

75.     Robert Haft denies that the allegations in Paragraph 75 involve him and states that they relate only to Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 75 and on that basis denies them.

76.     Robert Haft denies that the allegations in Paragraph 76 involve him and states that they relate only to Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 76 and on that basis denies them.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Robert Haft denies that he was engaged in the management of Compass Coffee's affairs.  Robert Haft denies that Compass Coffee used Covid relief funds for any improper, unpermitted purpose.  Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 81 and on that basis denies them.

82.     Robert Haft denies that the allegations in Paragraph 82 involve him and states that they relate only to Michael Haft and Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 82 and on that basis denies them.

83.     Robert Haft denies that the allegations in Paragraph 83 involve him and states that

they relate only to Michael Haft and Compass Coffee. Therefore, no response is required. To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 83 and on that basis denies them.

84.     Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 84 and on that basis denies them.

85.     Robert Haft denies that was engaged in the management of Compass Coffee's affairs. Robert Haft denies that the allegations in Paragraph 85 involve him and states that they relate only to Michael Haft and Compass Coffee. Therefore, no response is required. To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 85 and on that basis denies them.

86.     Robert Haft denies that the allegations in Paragraph 86 involve him and states that they relate only to Michael Haft. Therefore, no response is required. To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 86 and on that basis denies them.

87.     Robert Haft denies that the allegations in Paragraph 87 involve him and states that they relate only to Michael Haft and Compass Coffee. Therefore, no response is required. To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 87 and on that basis denies them.

88.     Robert Haft denies that the allegations in Paragraph 88 involve him and states that they relate only to Compass Coffee. Therefore, no response is required. To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 88 and on that basis denies them.

89.     Robert Haft denies that the allegations in Paragraph 89 involve him and states that

they relate only to Compass Coffee. Therefore, no response is required. To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 89 and on that basis denies them.

90.     Robert Haft denies that he planned to divert Covid relief funds. Robert Haft denies that the allegations in Paragraph 90 involve him and states that they relate only to Compass Coffee. Therefore, no response is required. To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 90 and on that basis denies them.

91.     Robert Haft denies that the allegations in Paragraph 91 involve him and states that they relate only to Compass Coffee. Therefore, no response is required. To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 91 and on that basis denies them.

92.     Robert Haft denies that the allegations in Paragraph 92 involve him and states that they relate only to Compass Coffee. Therefore, no response is required. To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 92 and on that basis denies them.

93.     Robert Haft denies that the allegations in Paragraph 93 involve him and states that they relate only to Compass Coffee. Therefore, no response is required. To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 93 and on that basis denies them.

94.     Robert Haft denies that the allegations in Paragraph 94 involve him and states that they relate only to Michael Haft and Compass Coffee. Therefore, no response is required. To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief

about the truth of the allegations contained in Paragraph 94 and on that basis denies them.

95.    Robert Haft denies that the allegations in Paragraph 95 involve him and states that they relate only to Michael Haft and Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 95 and on that basis denies them.

96.    Robert Haft denies that the allegations in Paragraph 96 involve him and states that they relate only to Michael Haft and Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 96 and on that basis denies them.

97.    Robert Haft denies that the allegations in Paragraph 97 involve him and states that they relate only to Michael Haft and Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 97 and on that basis denies them.

98.    Robert Haft denies that the allegations in Paragraph 98 involve him and states that they relate only to Michael Haft and Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 98 and on that basis denies them.

99.    Robert Haft denies that the allegations in Paragraph 99 involve him and states that they relate only to Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 99 and on that basis denies them.

100.    To the extent the allegations in Paragraph 100 purport to summarize terms of the Fifth Operating Agreement, Robert Haft states that the terms set forth therein contain the full and

accurate terms of the Fifth Operating Agreement which speak for themselves.  Robert Haft denies any characterization or description that is inconsistent therewith.

101.    Admitted but denied that Robert Haft signed on behalf of Compass Coffee.

102.    To the extent the allegations in Paragraph 102 purport to summarize terms of the Fifth Operating Agreement, Robert Haft states that the terms set forth therein contain the full and accurate terms of the Fifth Operating Agreement which speak for themselves.  Robert Haft denies any characterization or description that is inconsistent therewith.

103.    To the extent the allegations in Paragraph 103 purport to summarize terms of the Fifth Operating Agreement, Robert Haft states that the terms set forth therein contain the full and accurate terms of the Fifth Operating Agreement which speak for themselves.  Robert Haft denies any characterization or description that is inconsistent therewith.

104.    To the extent the allegations in Paragraph 104 purport to summarize terms of the Fifth Operating Agreement, Robert Haft states that the terms set forth therein contain the full and accurate terms of the Fifth Operating Agreement which speak for themselves.  Robert Haft denies any characterization or description that is inconsistent therewith.

105.    Robert Haft admits that Mr. Suarez held 114,305 Units in Compass Coffee but denies that they comprised 10.96% of Compass Coffee.  To the extent the allegations in Paragraph 105 purport to summarize terms of the Fifth Operating Agreement, Robert Haft states that the terms set forth therein contain the full and accurate terms of the Fifth Operating Agreement which speak for themselves.  Robert Haft denies any characterization or description that is inconsistent therewith.

106.    Robert Haft admits that Mr. Suarez emailed Michael Haft and Mr. Suarez on November 15, 2021.  The remainder of Paragraph 106 states a legal conclusion to which no response is required.  To the extent a response is required, Robert Haft denies.

107.    Robert Haft denies that the allegations in Paragraph 107 involve him and states that they relate only to Michael Haft and Compass Coffee. Therefore, no response is required. To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 107 and on that basis denies them.

108.    To the extent the allegations in Paragraph 108 purport to summarize an email on or around December 5, 2021, Robert Haft states that the email speaks for itself. Robert Haft denies any characterization or description that is inconsistent therewith. The remaining allegations of Paragraph 108 are denied.

109.    Robert Haft admits that Mr. Suarez sent an email to Michael and Robert Haft stating that Mr. Suarez was resigning from the Board of Directors of Compass Coffee. The remaining allegations of Paragraph 109 are denied.

110.    Robert Haft denies that he received follow up emails from Mr. Suarez. Mr. lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 110 and on that basis denies them.

111.    Robert Haft denies that he pressured Mr. Suarez to guarantee more debt. Robert Haft denies that the remaining allegations in Paragraph 111 involve him and states that they relate only to Michael Haft and Compass Coffee. Therefore, no response is required. To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 111 and on that basis denies them.

112.    Robert Haft denies that the allegations in Paragraph 112 involve him and states that they relate only to Michael Haft and Compass Coffee. Therefore, no response is required. To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 112 and on that basis denies them.

113.    Robert Haft denies that the allegations in Paragraph 113 involve him and states that they relate only to Michael Haft and Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 113 and on that basis denies them.

114.    Robert Haft denies that the allegations in Paragraph 114 involve him and states that they relate only to Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 114 and on that basis denies them.

115.    Robert Haft denies that the allegations in Paragraph 115 involve him and states that they relate only to Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 115 and on that basis denies them.

116.    Robert Haft denies that the allegations in Paragraph 116 involve him and states that they relate only to Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 116 and on that basis denies them.

117.    Robert Haft denies that the allegations in Paragraph 117 involve him and states that they relate only to Michael Haft and Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 117 and on that basis denies them.

118.    To the extent the allegations in Paragraph 118 purport to summarize the valuation report, Robert Haft states that the valuation report speaks for itself.  Robert Haft denies any characterization or description that is inconsistent therewith.  The remainder of Paragraph 118 is

denied.

119.    To the extent the allegations in Paragraph 119 purport to summarize the valuation report, Robert Haft states that the valuation report speaks for itself.  Robert Haft denies any characterization or description that is inconsistent therewith.  The remainder of Paragraph 119 is denied.

120.    Robert Haft denies that the allegations in Paragraph 120 involve him and states that they relate only to Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 120 and on that basis denies them.

121.    Robert Haft denies that the allegations in Paragraph 121 involve him and states that they relate only to Michael Haft and Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 121 and on that basis denies them.

122.    Robert Haft denies that he was engaged in management of Compass Coffee or that he directed Compass Coffee to reject the offer to sell a portion of Compass Coffee.  Robert Haft denies that the remaining allegations in Paragraph 122 involve him and states that they relate only to Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 122 and on that basis denies them.

123.    Robert Haft denies that the allegations in Paragraph 123 involve him and states that they relate only to Michael Haft and Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 123 and on that basis denies them.

124.     Robert Haft admits that Compass Coffee now has more cafes in operation than it had in January 2021.  Robert Haft denies that the remaining allegations in Paragraph 124 involve him and states that they relate only to Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 124 and on that basis denies them.

125.     Robert Haft denies that the allegations in Paragraph 125 involve him and states that they relate only to Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 125 and on that basis denies them.

126.     Robert Haft denies that the allegations in Paragraph 126 involve him and states that they relate only to Michael Haft and Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 126 and on that basis denies them.

127.     Robert Haft denies that the allegations in Paragraph 127 involve him and states that they relate only to Michael Haft and Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 127 and on that basis denies them.

128.     Robert Haft denies that the allegations in Paragraph 128 involve him and states that they relate only to Michael Haft and Compass Coffee.  Therefore, no response is required.  To the extent a response is required, Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 128 and on that basis denies them.

129.     Robert Haft incorporates by reference his responses to each and every allegation in the preceding paragraphs.

130.    The allegations in Paragraph 130 contain legal conclusions to which no response is necessary.  To the extent a response is required, Robert Haft denies the allegations.

131.    The allegations in Paragraph 131 contain legal conclusions to which no response is necessary.  To the extent a response is required, Robert Haft denies the allegations.

132.    Denied.

133.    The allegations in Paragraph 133 contain legal conclusions to which no response is necessary.  To the extent a response is required, Robert Haft denies the allegations.

134.    The allegations in Paragraph 134 contain legal conclusions to which no response is necessary.  To the extent a response is required, Robert Haft denies the allegations.

135.    Denied.

136.    Denied.

137.    Admitted.

138.    Denied.

139.    Robert Haft admits that he was available to help Michael Haft and Mr. Suarez as they launched Compass Coffee and wished for Compass Coffee to succeed.  Robert Haft admits that he asked a lawyer to draft Compass Coffee's Second Operating Agreement.  Robert Haft denies that the Second Operating Agreement remained in effect after entry of the Third, Fourth, and Fifth Operating Agreements.  Robert Haft denies that he was engaged in the management of Compass Coffee.  Robert Haft denies that he leveraged his deep trust with Mr. Suarez for personal gain later on.

140.    Robert Haft admits that Compass Coffee applied for and obtained Covid relief funding from the SBA.  Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 140 and on that basis denies them.

141.    Denied.

142.    Denied.

143.    The allegations in Paragraph 143 contain legal conclusions to which no response is necessary.  To the extent a response is required, Robert Haft denies the allegations.

144.    Robert Haft admits that Compass Coffee has locations in Virginia as well as the District of Columbia, as well as consumer packaged goods businesses.  Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Union Kitchen. Robert Haft denies the remaining allegations of Paragraph 144.

145.    Robert Haft admits that on or about October 1, 2020, Octa LLC transferred its shares of Compass Coffee to Michael Haft.  Robert Haft admits that, in 2020, Four Properties LLC sold its shares in Union Kitchen to Colby Bartlett and Hexad but denies that Four Properties LLC sold its shares in Union Kitchen to Michael Haft.  Robert Haft denies the remaining allegations of Paragraph 145.

146.    The allegations in Paragraph 146 contain legal conclusions to which no response is necessary.  To the extent a response is required, Robert Haft denies the allegations.

147.    The allegations in Paragraph 147 contain legal conclusions to which no response is necessary.  To the extent a response is required, Robert Haft denies the allegations.

148.    The allegations in Paragraph 148 contain legal conclusions to which no response is necessary.  To the extent a response is required, Robert Haft denies the allegations.

149.    The allegations in Paragraph 149 contain legal conclusions to which no response is necessary.  To the extent a response is required, Robert Haft denies the allegations.

150.    The allegations in Paragraph 150 contain legal conclusions to which no response is necessary.  To the extent a response is required, Robert Haft denies the allegations.

151.    The allegations in Paragraph 151 contain legal conclusions to which no response is necessary.  To the extent a response is required, Robert Haft denies the allegations.

152.    The allegations in Paragraph 152 contain legal conclusions to which no response is necessary.  To the extent a response is required, Robert Haft denies the allegations.

153.    The allegations in Paragraph 153 contain legal conclusions to which no response is necessary.  To the extent a response is required, Robert Haft denies the allegations.

154.    The allegations in Paragraph 154 contain legal conclusions to which no response is necessary.  To the extent a response is required, Robert Haft denies the allegations.

155.    The allegations in Paragraph 155 contain legal conclusions to which no response is necessary.  To the extent a response is required, Robert Haft denies the allegations.

156.    The allegations in Paragraph 156 contain legal conclusions to which no response is necessary.  To the extent a response is required, Robert Haft denies the allegations.

157.    The allegations in Paragraph 157 contain legal conclusions to which no response is necessary.  To the extent a response is required, Robert Haft denies the allegations.

158.    The allegations in Paragraph 158 contain legal conclusions to which no response is necessary.  To the extent a response is required, Robert Haft denies the allegations.

159.    Denied.

160.    Denied.

161.    The allegations in Paragraph 161 contain legal conclusions to which no response is necessary.  To the extent a response is required, Robert Haft admits only that Mr. Suarez has personal guarantees on certain Compass Coffee debt and is at present a Compass Coffee shareholder.  Robert Haft denies that he engaged in any racketeering and denies the remaining allegations of Paragraph 161.

162.    Denied.

163.    The allegations in Paragraph 163 contain legal conclusions to which no response is necessary.  To the extent a response is required, Robert Haft denies the allegations.

164.    Denied.

165.    The allegations in Paragraph 165 contain legal conclusions to which no response is necessary.  To the extent a response is required, Robert Haft denies the allegations.

166.    Denied.

167.    Robert Haft incorporates by reference his responses to each and every allegation in the preceding paragraphs.

168.    Denied.

169.    Denied.

170.    Robert Haft lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 170 and on that basis denies them.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Robert Haft incorporates by reference his responses to each and every allegation in the preceding paragraphs.

176.    Robert Haft states that Mr. Suarez's claim for breach of contract was dismissed as against him by the Court's order dated November 3, 2025, and therefore no response to the allegations in Paragraph 176 is required.

177.    Robert Haft states that Mr. Suarez's claim for breach of contract was dismissed as

against him by the Court's order dated November 3, 2025, and therefore no response to the allegations in Paragraph 177 is required.

178.    Robert Haft states that Mr. Suarez's claim for breach of contract was dismissed as against him by the Court's order dated November 3, 2025, and therefore no response to the allegations in Paragraph 178 is required.

179.    Robert Haft states that Mr. Suarez's claim for breach of contract was dismissed as against him by the Court's order dated November 3, 2025, and therefore no response to the allegations in Paragraph 179 is required.

180.    Robert Haft states that Mr. Suarez's claim for breach of contract was dismissed as against him by the Court's order dated November 3, 2025, and therefore no response to the allegations in Paragraph 180 is required.

181.    Robert Haft states that Mr. Suarez's claim for breach of contract was dismissed as against him by the Court's order dated November 3, 2025, and therefore no response to the allegations in Paragraph 181 is required.

182.    Robert Haft states that Mr. Suarez's claim for breach of contract was dismissed as against him by the Court's order dated November 3, 2025, and therefore no response to the allegations in Paragraph 182 is required.

183.    Robert Haft states that Mr. Suarez's claim for breach of contract was dismissed as against him by the Court's order dated November 3, 2025, and therefore no response to the allegations in Paragraph 183 is required.

184.    Robert Haft states that Mr. Suarez's claim for breach of contract was dismissed as against him by the Court's order dated November 3, 2025, and therefore no response to the allegations in Paragraph 184 is required.

185.    Robert Haft states that Mr. Suarez's claim for breach of contract was dismissed as against him by the Court's order dated November 3, 2025, and therefore no response to the allegations in Paragraph 185 is required.

186.    Robert Haft incorporates by reference his responses to each and every allegation in the preceding paragraphs.

187.    Robert Haft admits that he signed the Fifth Amended Operating Agreement on behalf of Four Properties, LLC, Colby Bartlett, LLC, and Hexad, LLC and denies that he is a party to the Fifth Amended Operating Agreement.  Robert Haft denies the remaining allegations of Paragraph 187.

188.    Robert Haft denies that he is a party to the Fifth Amended Operating Agreement but admits that the parties thereto impliedly covenanted that they would act in good faith.  Robert Haft denies the remaining allegations of Paragraph 188.

189.    Denied.

190.    Denied.

191.    Denied.

192.    Robert Haft incorporates by reference his responses to each and every allegation in the preceding paragraphs.

193.    The allegations in Paragraph 193 contain legal conclusions to which no response is necessary.  To the extent a response is required, Robert Haft denies the allegations.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Denied.

Mr. Suarez's prayer for relief (i.e., beginning with the word "WHEREFORE") requires no response. Mr. Suarez's Prayer for Relief states legal conclusions and his characterizations of this action, with which Robert Haft disagrees and to which no response is required. To the extent a response to Mr. Suarez's prayer for relief is required, Robert Haft denies that Mr. Suarez is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Robert Haft states the following affirmative defenses to Plaintiff's Complaint. Each defense is asserted as to all claims against Robert Haft. By setting forth these affirmative defenses, Robert Haft does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Robert Haft reserves the right to assert any and all defenses allowable by law and/or that may become available, including reserving the right to timely raise such additional affirmative defenses as may be appropriate in light of the developments in this case. By listing certain defenses here, Robert Haft does not waive any other defenses that may apply.

1.    Plaintiff has failed to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred by the applicable statute of limitations.

3.    Plaintiff's claims are barred by the doctrine of laches.

4.    Plaintiff lacks standing to bring this action because Plaintiff has not demonstrated a sufficient legal interest of injury in fact.

5.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands.

6.    Plaintiff's claims are barred, in whole or in part, by Plaintiff's own failure to satisfy a condition precedent to the contract at issue and/or by Plaintiff's prior material breach of and failure to comply with such contract.

7.      The damages alleged in Plaintiff's Complaint, if any, were caused, in whole or in part, by the acts and/or omissions of Plaintiff, and not by any alleged conduct on the part of Robert Haft.

8.      Plaintiff's claims are barred, in whole or in part, because the Court lacks subject matter jurisdiction.  Plaintiff has failed to state his sole federal claim, the RICO claim, and therefore the Court lacks a basis for federal question jurisdiction.

9.      Plaintiff's claims fail for lack of privity in contract.

10.     Robert Haft reserves all affirmative defenses, at law or equity, that may now exist or in the future be available based on discovery and other factual investigation in this case.

## JURY TRIAL DEMANDED

Robert Haft demands a trial by jury of all claims and defenses upon which he is entitled to a jury.

Dated: November 17, 2025                    Respectfully submitted,

                              */s/ David L. Feinberg*
                              Michael C. Davis (D.C. Bar No. 485311)
                              David L. Feinberg (D.C. Bar No. 982635)
                              Theodore B. Randles (D.C. Bar No. 156339)
                              VENABLE LLP
                              600 Massachusetts Avenue, N.W.
                              Washington, DC 20001
                              Tel: (202) 344-4000
                              Fax: (202) 344-8300
                              mcdavis@venable.com
                              dlfeinberg@venable.com
                              tbrandles@venable.com

                              *Counsel for Defendants Compass Coffee LLC,*
                              *Michael Haft, and Robert Haft*