**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HARRISON SUAREZ<br><br>*Plaintiff,*<br><br>v.<br><br>COMPASS COFFEE LLC, MICHAEL HAFT, and ROBERT HAFT<br><br>*Defendants.* | Civil Action No. 1:25-cv-89-SLS |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Harrison Suarez and Defendants Compass Coffee LLC, Michael Haft, and Robert Haft, through their counsel, as follows:

### PROCEEDINGS AND FORM OF INFORMATION GOVERNED

1. Each party recognizes that some of the documents and information produced in the above-captioned matter (this "Action") may include information held as confidential or proprietary governmental, personal, technical, commercial, financial, scientific, business, or trade secret information.

2. To preserve the confidential or proprietary status of such information, each party, through its respective counsel, agrees to this Stipulated Protective Order ("Protective Order"), subject to the approval of the Court. Third parties and certain other individuals may become bound by this Protective Order as provided below.

3. The Protective Order shall govern the production, handling, and use of all documents, information, and other discovery responses or materials marked or designated as "CONFIDENTIAL" in the above-referenced Action.

**DEFINITIONS**

4. Harrison Suarez, Compass Coffee LLC, Michael Haft, and Robert Haft shall be referred to individually as a "party" and collectively as the "parties."

5. "Counsel" shall refer to the attorneys and immediate support staff for each of the parties' counsel of record involved in the representation of that party in this Litigation.

6. "Information" shall mean all documents, testimony, other types of information, and/or things subject to discovery in this Action, as well as any secondary material, such as pleadings, written motions, responses to motions, affidavits or declarations, written discovery, written discovery responses, expert reports, deposition transcripts, notes, summaries, or any other materials that contain, describe, or reflect such information. For purposes of this Protective Order, the terms "document" and "documents" carry their broadest possible meaning consistent with the Federal Rules of Civil Procedure.

7. "Disclosing Party" shall refer to any party to this Action, or to any third party (whether voluntarily or pursuant to subpoena), who discloses, testifies about, produces, or makes available for inspection any Confidential Information.

8. "Receiving Party" shall refer to any party who receives Confidential Information from a Disclosing Party, for whatever reason including in response to a particular discovery request or obligation imposed by the Federal Rules of Civil Procedure or other Order of the Court.

9. "Confidential Information" shall mean any non-public information, documents, and/or other materials marked or designated as "CONFIDENTIAL." Confidential Information may include, but is not limited to: (a) trade secrets (as defined in the Uniform Trade Secrets Act), competitively sensitive technical, marketing, financial, sales or other confidential business information; (b) medical information concerning any individual; (c) income tax returns (including

attached schedules and forms), W-2 forms and 1099 forms; and (d) any other information that the Disclosing Party believes in good faith to be entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G), and/or any other applicable provision of Federal law.

## **COMPUTATION OF TIME**

10. The computation of any period of time prescribed or allowed by this Stipulated Protective Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

## **DESIGNATION OF CONFIDENTIAL INFORMATION**

11. In determining the scope of information that a party may designate as its Confidential Information, each party agrees that designations of information as Confidential Information shall be made in good faith and not (1) to impose burden or delay on another party or (2) for tactical or other advantage in litigation. Each party or nonparty that designates confidential information must take care to limit any such designation to specific material that qualifies under the appropriate standards. Indiscriminate designations under this agreement are prohibited.

12. Each party to this Action, and any third party who produces or discloses any documents, things, interrogatory answers, responses to requests for admissions, deposition or trial testimony, or other information which the Disclosing Party wishes to be subject to this Protective Order may designate and shall mark the same as "CONFIDENTIAL." For documents, the designation shall be electronically "burning" onto each document's image, with the exception of documents produced in native format, at a location that does not obliterate or obscure any information from the source document. Information so designated will be limited to information which the Disclosing Party reasonably believes qualifies as Confidential Information under Paragraph 9 above.

3

13. The designation of Confidential Information shall be made at the following times:

   (a) For documents and things, at the time such materials, or copies thereof, are first delivered to the Receiving Party. With respect to Confidential Information which comprises multiple pages, disks, sheets, etc., each page of each document, each disk of each group, each sheet of each group of sheets, etc. shall be labeled as set forth in Paragraph 12 above;

   (b) For written responses to interrogatories or requests for admissions, at the time of service of the written response;

   (c) For affidavits, declarations, and pleadings, at the time of the filing of such affidavit, declaration, or pleading;

   (d) For deposition testimony, at the time the testimony is given or in writing within fifteen (15) days after receipt by the designating party of the transcript of the deposition (*see infra* ¶¶ 24-25); and

   (e) For oral disclosures, other than deposition testimony as previously addressed, through confirmation in writing within ten (10) days of the first disclosure thereof.

   (f) For expert disclosures within (10) days of the disclosure.

14. If a Disclosing Party elects to produce original files and records for inspection and the inspecting party desires to inspect those files, and if the Disclosing Party chooses not to make confidentiality designations in advance of the initial inspection, then the Disclosing Party may make confidentiality designations within thirty (30) days after it has produced the documents selected by the inspecting party for copying.

15. In the event a party believes another party has violated, or threatens to violate, the terms of this Protective Order, the parties shall meet and confer in good faith and seek to resolve the dispute. If the parties are unable to resolve the dispute, a party may apply to the Court for appropriate relief, and/or to obtain injunctive relief, and the responding party shall not employ as defenses thereto that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order, notwithstanding any subsequent disposition of this Action.

**NUNC PRO TUNC DESIGNATION OF CONFIDENTIAL INFORMATION**

16. For materials (*e.g.*, documents, communications, discovery responses) already served, produced, or otherwise disclosed in this Litigation, any party may designate such materials as Confidential Information within thirty (30) days of entry of this Order. Such designations shall otherwise adhere to ¶¶ 11-15.

**USE OF AND ACCESS TO CONFIDENTIAL INFORMATION**

17. The Receiving Party shall maintain Confidential Information in strict confidence and not disclose the Confidential Information to any other person or otherwise allow the same to be made part of the public record of this Action, except as provided by this Protective Order. The Receiving Party, as well as any party and person bound by the terms of this Protective Order who has received Confidential Information, shall use any information, document, or thing designated or marked "CONFIDENTIAL" solely for the purpose of prosecution or defense of the Action, and not for any other purpose, including but not limited to member-information, member-relations, public-relations, donor-relations, or any other purpose whatsoever.

18. Any document, information or thing designated as "CONFIDENTIAL" may only be disclosed to the following persons:

    (a)    The parties;

    (b)    Counsel for the Receiving Party (including their regularly employed secretarial, clerical and paralegal staffs);

    (c)    The Court and court personnel, including the jury;

    (d)    Stenographic reporters and videographers recording depositions or other Court proceedings (including any necessary secretarial, clerical, or other lay personnel of such reporters and videographers);

    (e)    Any Action-support providers (for example, trial technology or presentation consultants, e-discovery vendors, outside copy and/or courier services, graphic artists, jury consultants, and mock jurors) whose duties and responsibilities require access to such information;

    (f)    Any person who is serving or retained by, or who is being considered by, the parties for the purpose of consulting or testifying in this Action as an expert;

    (g)    Persons identified in Paragraph 22 below and any other person agreed to by the parties in writing or allowed by the Court; and

    (h)    Any deponent may be shown or examined on any information, document, or thing designated Confidential, provided the witness has signed a non-disclosure agreement in the form attached hereto as **Exhibit A**; and

    (i)    Any person specifically identified in a document, communication, or thing containing or comprising such information as an author or recipient of such document, communication, or thing or a copy thereof; and

    (j)    The officers, directors, and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action.

19.    No information, document or thing designated to be Confidential Information or marked "Confidential" shall be disclosed to a person described in subparagraphs (d), (e), (f), (g) or (h) above unless and until each such person has read a copy of this Order and read and signed a certificate in the form of **Exhibit A** attached hereto.

20.    All Confidential Information shall be maintained at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Protective Order.

21.    Nothing herein shall prevent any party from disclosing or using its own Confidential Information in any manner that it considers appropriate.

22.    **<u>Use in Open Court</u>**.  Notwithstanding a party's designation of information as Confidential Information, if during any court hearing or trial Confidential Information is described or referred to, the hearing shall, in the Court's discretion, be held in open court. The Disclosing Party may request that the proceeding be conducted out of the presence of all unqualified persons, and any transcript relating thereto shall, subject to the Court's approval, be marked "CONFIDENTIAL" and be filed under seal. By choosing not to request that the proceedings be

conducted out of the presence of all unqualified persons, the Disclosing Party does not waive any confidentiality over the party's Confidential Information.

23. **Use at Depositions and Trial**. Counsel for the Receiving Party shall be entitled to show or use Disclosing Party's Confidential Information, during examination, either at deposition or at any hearing or trial, to any witness to whom disclosure is reasonably necessary and who has read a copy of this Order and read and signed a certificate in the form of **Exhibit A** attached hereto. Counsel for Receiving Party shall also be entitled to show or use Disclosing Party's Confidential Information, during examination, either at deposition or at any hearing or trial, to any person who is an officer, employee, consultant, or retained expert of the Disclosing Party, or apparently an author, creator, or recipient of the Confidential Information.

## DESIGNATING DEPOSITION MATERIAL AS CONFIDENTIAL

24. Depositions or portions thereof shall constitute Confidential Information if, and only if, (a) during the course of the deposition Counsel for any party on the record so designates the same, or (b) within fifteen (15) days of the date of receipt of the written transcript, Counsel for a party notifies Counsel for the other parties in writing of the contents, or portions thereof, by page(s) and line(s) of the transcript, which contain Confidential Information. Until the expiration of such fifteen (15) day period, all information disclosed during the course of any deposition presumptively shall be treated by the Receiving Party as Confidential Information.

25. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information:

  (a) The portions thereof shall be designated as "CONFIDENTIAL" and made subject to the provisions of this Protective Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions after transcription;

  (b) The Disclosing Party shall have the right to exclude from attendance at said deposition, during such time as its Confidential Information designated as

"CONFIDENTIAL" is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the parties, the court reporter, and person(s) permitted access to such information pursuant to Paragraph 18 and its subparts above; and

(c) The designated portions of the originals of said deposition transcripts and of all copies thereof shall bear the legend "CONFIDENTIAL," as appropriate, and the original shall at the time of filing with the Court be sealed, identified as being subject to this Protective Order, an unredacted and unsealed courtesy copy will be sent to chambers, and the sealed filing shall not opened except by order of this Court.

## DISPUTES REGARDING DESIGNATION OF CONFIDENTIAL INFORMATION

26. The Disclosing Party will use reasonable care to avoid designating any document or information as Confidential Information that is not entitled to such designation or that is available to the public. If it comes to a Disclosing Party's attention that any document or information or other material it has designated as Confidential does not qualify for protection, the Disclosing Party must promptly notify all other parties that it is withdrawing the mistaken designation.

27. If a party receiving an item designated as Confidential Information reasonably believes that the information has been improperly designated, the following procedure governs:

(a) The Receiving Party must provide an objection in a reasonable manner to the Disclosing Party, specifying the documents, information, or other things whose designation is objected to, and the basis for the objection. The objection may be initially oral but must be confirmed in writing. The Receiving Party may challenge a confidentiality designation at any time. Unless a prompt challenge is necessary to avoid substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b) The Disclosing Party must respond to the objection within five (5) business days after delivery of the objection.

(c) The parties must make every effort to resolve any dispute regarding confidentiality designations without Court involvement. Any motion regarding confidentiality designations or for a protective order must include

8

> a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without Court action. The certification must list the date, manner, and participants to the conference.
>
> (d) If the parties cannot reach agreement regarding the objected to designations, the Disclosing Party shall have the right to promptly bring before the Court the question of whether the confidentiality of any particular information should be maintained. The challenged designation shall remain in effect until changed by order of the Court or agreement of the designating party.

28. Should a party's designation of Confidential Information be challenged by another party, the parties shall meet and confer in good faith to resolve the issue. The Disclosing Party has the burden to show the required good cause under Fed. R. Civ. P. 26(c) for its designation. This Protective Order does not alter the burden imposed by law on any party seeking to uphold any limitation on the production or dissemination of documents and things. This Protective Order also does not alter any procedures for resolving discovery disputes established by this Court.

29. Counsel for a non-designating party shall have the right to assert that any information designated as Confidential Information is, in fact, public and/or not otherwise protected under paragraph 9. Any information, which prior to disclosure hereunder, is either in the possession or knowledge of a non-designating party or person who, absent this Protective Order, is under no restriction with respect to the dissemination of otherwise qualifying Confidential Information, or is public knowledge or which, after disclosure, becomes public knowledge other than through an act or omission of a Receiving Party, shall be deemed to be in the public domain.

## **FILING OF CONFIDENTIAL INFORMATION**

30. Any document to be filed with the Court, which refers to or contains any Confidential Information shall be filed under seal pursuant to Court rules. The confidentiality designation shall be included on the first page of such documents. The parties shall use their best

efforts to cooperate in advance to determine whether the document can be redacted in lieu of filing under seal, and to ensure that only the portions of papers containing Confidential Information shall be requested to be placed under seal when filed with or submitted to the Court. The document will be kept under seal until the Court determines whether it should remain sealed.

Where the document to be sealed is an exhibit to a document filed electronically, an otherwise blank page reading "EXHIBIT __ FILED UNDER SEAL" shall replace the exhibit in the document filed without sealing, and the exhibit to be filed under seal shall be filed as a separate sealed docket entry. Where the document to be sealed is a declaration, the declaration shall be filed as a separate sealed docket entry. When a party files a sealed document in paper form, the party shall follow the procedure set forth in L.R. 5.1(h)(2).

31. The Clerk of the Court shall be directed to keep and maintain under seal until further order by the Court all materials which have been sealed in this Action under Paragraph 30 above. The parties will provide chambers with an unredacted/unsealed version of the filing.

## **INADVERTENT FAILURE TO DESIGNATE CONFIDENTIAL INFORMATION**

32. An inadvertent failure to designate Confidential Information does not, standing alone, waive the Disclosing party's right to secure protection under this Protective Order for such material. If any party learns that by inadvertence it has disclosed Confidential Information to the other party or in any circumstances not authorized under this Protective Order, the Disclosing Party must immediately designate such information as Confidential Information by giving written notice to the Receiving Party's counsel.

33. In the event that a document, material, and/or information is produced without having been previously marked "CONFIDENTIAL," the Receiving Party shall, upon a written request from the Disclosing Party, treat and preserve such document, material, or information in

accordance with the confidentiality designation that the Designating Party states should have been affixed to it. The Disclosing Party must then re-produce the document, paper, or thing with the appropriate confidentiality designation, unless doing so would not be feasible (as, for example, in the case of a final deposition transcript). The Receiving Party will then replace the incorrectly designated materials with the newly designated materials and will destroy the incorrectly designated materials.

34.     The inadvertent failure of a party or person to designate a document "CONFIDENTIAL" at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter.  Under such circumstances, no Receiving Party shall have any obligation or liability due to any disclosure of the information which occurred prior to the receipt of such notice.

## **INADVERTENT DISCLOSURE OF CONFIDENTIAL INFORMATION**

35.     If a party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must, as soon as is practicable: (a) notify in writing the Designating Party of the unauthorized disclosure; (b) use its best efforts to retrieve all copies of the improperly disseminated Confidential Information and to prevent any further improper dissemination of the same; and (c) inform the person or persons to whom unauthorized disclosures were made, to the extent the person or persons are identifiable, of all the terms of this Order and request that the person or persons execute a certificate in the form attached hereto as Exhibit A.  The Court has jurisdiction to enforce this Protective Order and to grant relief, as authorized by law or in equity, for any violations thereof.

## **INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION**

36. The production of any information, document, or thing in this litigation shall not constitute a waiver of any privilege or work-product protection that may be asserted by the producing party either in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). When the production or disclosure of any information, document or thing protected by privilege or work-product protection is discovered by or brought to the attention of the producing party, the treatment of such material shall be in accordance with the Federal Rule of Civil Procedure 26(b)(5)(B). That treatment shall be deemed to comply with any obligations the producing party would otherwise have had pursuant to Federal Rule of Evidence 502(b) or under the common law. The disclosure of such information, document, or thing (hereinafter "Disclosed Privileged Information") by the producing party shall not constitute, in this action or any other action, a waiver or forfeiture of its work-product immunity or any privilege otherwise attaching to the Disclosed Privileged Information and its subject matter. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure. Any party seeking to challenge a claim of privilege shall meet and confer with the other party to attempt to resolve the issue(s), in accordance with the applicable rules, and if the meet and confer is unsuccessful, the party challenging the claim of privilege may then file a motion under seal.

37. Nothing in this Protective Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the disclosing party that such materials have been produced.

38. Any party who inadvertently receives materials that reasonably appear to be covered by a privilege shall not copy, distribute, or otherwise use such materials in any manner and shall provide prompt notice to the producing party to afford an opportunity to request return of the materials.

39. If a disclosing party notifies the receiving party that privileged information has been disclosed,

    (a) the receiving party shall not, from the point onward, copy, distribute, or otherwise use in any manner the Disclosed Privileged Information, unless the parties agree, or the Court orders otherwise;

    (b) the receiving party shall instruct all persons to whom the receiving party has disseminated the Disclosed Privileged Information that such information, documents, or things are subject to this Protective Order and may not be copied, distributed, or otherwise used; and

    (c) the receiving party and all persons notified as set out in the preceding subparagraph shall, within ten (10) court days,

        i) return, destroy, or delete all Disclosed Privileged Information and all notes or other work product revealing its content in the possession, custody, or control of the receiving party, its attorneys or any person to whom the party provided the Disclosed Privileged Information, and

        ii) provide a certification of counsel that all Disclosed Privileged Information has been returned, destroyed, or deleted.

    (d) In lieu of returning, destroying, or deleting Disclosed Privileged Information as specified in the preceding subparagraph, the receiving party, upon filing a

        motion as described above in Paragraph 36, may retain the Disclosed Privileged Information in a secure location during pendency of the motion.

(e)     For purposes of this Protective Order, Disclosed Privileged Information that is not reasonably accessible under Federal Rule of Civil Procedure 26(b)(2)(B) because it is stored by the receiving party on backup storage media is deemed to be sequestered. Should such data be retrieved, the receiving party must promptly take steps to delete the restored Disclosed Privileged Information.

## SUBPOENA OF CONFIDENTIAL INFORMATION PRODUCED IN THE ACTION

40.     Nothing in this Protective Order shall be construed to prohibit parties from making disclosures of Confidential Information required by a subpoena or a court order issued in other litigation.

## TERMINATION OF ACTION

41.     Within sixty (60) days of the final disposition of this Action, including any and all appeals, Counsel for the Receiving Party shall return to the Disclosing Party all Confidential Information disclosed hereunder (including all copies thereof), or shall destroy all such information in a manner approved by the Disclosing Party; and shall deliver to the Disclosing Party or its Counsel, written confirmation that there has been compliance with the terms of this Paragraph or that there has not been compliance and the reason for such noncompliance, upon receipt of which the Disclosing Party may make application to the Court for such further order as may be appropriate; provided, however, Counsel may retain one copy of the pleadings and other papers filed with the Court or served in the course of the Action, including depositions, deposition exhibits and the trial record, expert reports, and work product that includes aspects of Confidential

Information, subject to the obligations hereunder, and for purpose of compliance with any further order of the Court.

## CHANGES TO THIS PROTECTIVE ORDER

42. This Protective Order may be amended or modified only by written agreement of the parties or further order of the Court and is without prejudice to the rights of any party to seek relief from or variation of any of its provisions.

43. Except as otherwise expressly provided herein above, the obligations of this Protective Order shall survive the termination of the Action and continue in full force and effect. The provisions of this Protective Order may not be waived or terminated absent written agreement by the undersigned parties hereto or by an order of the Court for good cause shown.

## OTHER PROCEEDINGS

44. By entering into this Protective Order and limiting the disclosure of information in this Action, the Court does not intend to preclude another court from finding that Confidential Information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order that may be subject to a motion to disclose another party's Confidential Information, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that Confidential Information should be disclosed.

## MISCELLANEOUS

45. Nothing herein shall prevent any party or non-party from seeking additional or different relief from the Court not specified in this Protective Order.

46. Nothing in this Protective Order shall be construed to require disclosure of information that counsel contends is protected from disclosure by the attorney-client privilege, the attorney work-product immunity, or any other applicable privilege or immunity.

47.     Nothing in this Protective Order shall be construed as an abrogation, waiver, or limitation of any kind on the right of the parties or third parties to oppose discovery on grounds other than that the information sought constitutes or contains Confidential Information.

SO ORDERED this _____ day of _____, 2025.

_____
**The Honorable Sparkle L. Sooknanan**
**United States District Judge**

Dated: December 10, 2025

      */s/ David L. Feinberg*
Michael C. Davis (D.C. Bar No. 485311)
David L. Feinberg (D.C. Bar No. 982635)
Theodore B. Randles (D.C. Bar No. 156339)
VENABLE LLP
600 Massachusetts Avenue, N.W.
Washington, DC 20001
Tel: (202) 344-4000
Fax: (202) 344-8300
mcdavis@venable.com
dlfeinberg@venable.com
tbrandles@venable.com

*Counsel for Defendants Compass Coffee LLC, Michael Haft, and Robert Haft*

      */s/ Kathryn Ali*
Kathryn Ali (D.C. Bar No. 994633)
Elizabeth Lockwood (D.C. Bar No. 1029746)
Meghan Palmer (D.C. Bar No. 1736144)
ALI & LOCKWOOD LLP
501 H Street NE, Suite 200
Washington, DC 20002
Tel: (202) 651-2476
katie.ali@alilockwood.com
liz.lockwood@alilockwood.com
meghan.palmer@alilockwood.com

*Counsel for Plaintiff Harrison Suarez*

# EXHIBIT A

## **ACKNOWLEDGMENT**

I, _____ [print or type full name], of _____ \_\_\_ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Columbia on _____ [date] in the case of *Suarez v. Compass Coffee LLC, et al.*, No. 1:25-cv-89-SLS.  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the District of Columbia for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

_____
Signature

_____
Printed Name

_____
Date

_____
City and State Where Sworn and Signed